UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ULIOUS BROOKS,

    Plaintiff,

vs.

C/O McCOY,

    Defendant.

Case No. 1:15-cv-39

Beckwith, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff Ulious Brooks, an inmate at Southern Ohio Correctional Facility (SOCF), brings this action, *pro se*, against Defendant McCoy pursuant to 42 U.S.C. § 1983. Plaintiff is alleging that Defendant, a correctional officer at SOCF, violated his civil rights under the Eighth Amendment to the United States Constitution. (Doc. 1).

This matter is before the Court pursuant to Defendant's motion for summary judgment (Doc. 20) and the parties' responsive memoranda. (Docs. 27, 33). Also before the Court are numerous additional motions filed by Plaintiff. For the reasons stated below, the undersigned recommends that Defendant McCoy's motion for summary judgment be granted and the remaining motions be denied as moot.

### I. Factual and Procedural Background

Plaintiff filed his Complaint in this Court on January 20, 2015. (Doc. 1). Plaintiff alleges that Defendant McCoy violated Plaintiff's civil rights under the Eighth Amendment. Defendant timely answered on February 25, 2015. (Doc 10). Defendant then, within twenty-one days, filed an amended answer on March 17, 2015 pursuant to Rule 15(a)(1)(A). The sole amendment to the Answer was an additional affirmative

defense that Plaintiff's filing in the Court of Claims operates as a waiver of claims brought before this Court. (Doc 15)

On February 17, 2015, Plaintiff filed a document titled "Complaint-Supplimental [sic] Jurisdiction" in the Ohio Court of Claims. Case Number 2015-00122. Plaintiff's Complaint before the Court of Claims alleges claims identical to those before this Court. In fact, in his "Affidavit pursuant to R.C. 2969.25", Plaintiff states that he "recently filed a civil action in January, 2015. It's in the U.S. District Courthouse, Southern district the case no. is 1:15-cv-00039. It's for this same issue." (Doc. 20 Ex. B ). To date, Plaintiff has continued to litigate the case in the court of claims and that case remains pending.

In light of the foregoing, Defendant contends that he is entitled to judgment as a matter of law because Plaintiff's filing in the Ohio Court of Claims acts as a waiver of any claims he could bring in this Court. The undersigned agrees.

**II. ANALYSIS**

**A. Standard of Review**

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party must demonstrate the absence of genuine disputes over facts which, under the substantive law governing the issue, could affect the outcome of the action. *Celotex Corp.*, 477 U.S. at 323.

In response to a properly supported summary judgment motion, the non-moving party "'is required to present some significant probative evidence which makes it

necessary to resolve the parties' differing versions of the dispute at trial.'" *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989) (quoting *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Satterfield v. Tennessee,* 295 F.3d 611, 615 (6th Cir. 2002); *Little Caesar Enterprises, Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

### B. Defendant's motion for Summary Judgment is Well-taken

#### 1. Applicable law

As a sovereign state, the State of Ohio enjoys sovereign immunity and may only be held liable in a court of law or equity if it waives such immunity. Congress may authorize a suit to enforce the Fourteenth Amendment, *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976), or a State may voluntarily waive its sovereign immunity, *Clark v. Barnard*, 108 U.S. 436, 447-48 (1883). The State of Ohio has chosen to waive such immunity, but only in a forum of its own choosing, the Ohio Court of Claims. *See* O.R.C. 2743.01 *et seq.* Notably, ORC 2743.02(A)(1) reads in relevant part that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee."

The Sixth Circuit has interpreted the Court of Claims Act as establishing a *quid pro quo*, in which the state consents to be sued in exchange for a plaintiff's waiver of claims against the state's employees. *Leaman v. Ohio Dept. of Mental Retardation*, 825 F.2d 946 (6th Cir. 1987) (*en banc*), *cert. denied,* 487 U.S. 1204. The waiver in R.C. § 2743.02 precludes federal actions under 42 U.S.C. § 1983 based upon the same acts or

3

omissions asserted in a Court of Claims case. *Leaman*, 825 F.2d 946.

Thus, a plaintiff may sue the state's agents under § 1983 in the Court of Common Pleas or Federal District Courts instead of the Court of Claims, but if he chooses the latter, he is bound by his decision. *Thomson v. Harmony*, 65 F.3d 1314, 1319 (6th Cir. 1995). The waiver is applicable to *pro se* litigants, but it must be made "knowingly, voluntarily and intentionally." *Kajfasz v. Haviland*, 55 Fed. Appx. 719, 721-722 (6th Cir. 2003).

Before a Court may dismiss a case on waiver grounds, the Sixth Circuit implicitly requires the Court to make a finding as to whether *pro se* plaintiffs "knowingly, voluntarily and intentionally" waived their right to proceed in federal court against the individual defendants. *See Kajfasz,* 55 Fed. Appx. at 721-722, *supra*.

2.  *Plaintiff' has waived his claims in the instant action*

In *Williams v. Smith,* No. 05-CV-845, 2006 WL 2192470 (S.D. Ohio Aug. 1, 2006), the court found the *pro se* plaintiff had knowingly, voluntarily, and intentionally made such a waiver. The court based its analysis on the quantity and quality of the plaintiff's pleadings and experience as a *pro se* litigant. *Williams,* at *32-33. Upon careful review of the record and Plaintiff's pro se litigation history, the undersigned finds that Plaintiff knowingly, voluntarily, and intentionally waived his claims asserted in the instant action.

Here, as in *Williams*, Plaintiff is an experienced *pro se* litigant. He has filed numerous cases in both this Court and the Court of Claims. Notably, in this court, Plaintiff has filed numerous civil rights complaints and petitions for habeas corpus.[1]

---

[1] *Brooks v. Yates*, 1:2009-v-922; *Brooks v. Warden, Southern Ohio Correctional Facility*, 1:2014-cv-1286; *Brooks v. Warden, Southern Ohio Correctional Facility*, 1:2014-cv-475; *Brooks v. Hudson*, 1:2007-cv-

4

Specifically, in *Brooks v. Yates*, 09-cv-922, Plaintiff filed his Complaint in December 2009. The case was finally terminated in April 2014, nearly five years later. During this litigation, Plaintiff filed more than fifty documents, and succeeded in partially defeating defendants' motion for summary judgment. Ultimately, Plaintiff was able to obtain a settlement on a portion of the case. *See* 09-cv-922, Doc 160.

Moreover, Plaintiff's complaint in the instant action identifies the proper federal jurisdictional statutes, as well as the relevant federal statute for his constitutional claims. (Doc. 3 at 5). Plaintiff also references the Federal Rules of Civil Procedure. *Id*. Additionally, in his Court of Claims Complaint, Plaintiff references Ohio Revised Code 2743.02. He notes, correctly, that this statute vests the Court of Claims with jurisdiction to hear his case. (Doc. 20, Ex. A). Plaintiff's Court of Claims Complaint is also broken up in to sections, he delineates between federal claims of excessive use of force, medical deliberate indifference, and two state law counts of negligence. He also cites various cases related to Defendant McCoy's anticipated defense of qualified immunity. The same Defendant[2] is sued in both courts, Plaintiff alleges the same facts that occurred on the same days, and in his affidavit he references this Court, the District Court case number, and includes the sentence "It's for this same issue." (Doc. 20, Ex. B).

---

1265; *Brooks v. Harcha*, 1:2010-cv-77; *Brooks v. Warden, Southern Ohio Correctional Facility*, 1:2010-cv-953; *Brooks v. McCoy*, 1:2015-cv-39.

[2] Plaintiff argues that his claims in this Court are not waived because his case in the Court of Claims names the Ohio Department of Rehabilitation and Corrections (ODRC) as the only defendant. (Doc. 20, Ex. A). Plaintiff asserts that he purposely named only the ODRC as a result of his understanding of R.C. 2743.02(A)(1). (Doc 23) However, as noted by Defendant, Plaintiff's naming only a state agency, rather than an individual, pursuant to the Court of Claims Act further demonstrates his familiarity with that statute. Indeed, R.C. 2743.02(E) states that "the only defendant in original actions in the Court of Claims is the state." Notably, Plaintiff asserted that he "still wanted to hold ODRC accountable for their actions. So that"s why he sued ODRC under R.C. 2743". (Doc. 24). However, as noted above, Plaintiff's court of claims complaint alleges the same actions of Defendant McCoy as are before this Court. Notably, Plaintiff's affidavit references the District Court case number, and further states that "it"s [the federal lawsuit] for this same issue." (Doc. 20, Ex. B).

In light of the foregoing, the Court concludes that Plaintiff knowingly, voluntarily, and intelligently waived his federal claims against Defendant McCoy by filing suit on the same issues in the Ohio Court of Claims. As such, the Court finds no genuine issue as to any material fact and Defendants' motion for summary judgment (Doc. 20) should be **GRANTED**.

### III. Conclusion

 **IT IS THEREFORE RECOMMENDED THAT** Defendants' motion for summary judgment (Doc. 20) be **GRANTED** and Plaintiff's complaint be **DISMISSED without prejudice.  IT IS FURTHER RECOMMENDED THAT** the remaining pending motions (Docs. 4, 7, 16, 17, 18, 25, 26, 28, 29, 30, 31, 32, 34, 35, 37, 39, 41, 42) be **DENIED as MOOT** and this matter be **TERMINATED** on the active docket of the Court.

   *s/* Stephanie K. Bowman  
   Stephanie K. Bowman  
   United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ULIOUS BROOKS,

    Plaintiff,

vs.

C/O McCOY,

    Defendant.

Case No. 1:15-cv-39

Beckwith, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).