IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Ulious Brooks, | : |
| Plaintiff, | : Case No. 1:15-CV-39 |
| vs. | : |
| C/O McCoy, | : |
| Defendant. | : |

ORDER

This matter is before the Court on Defendant McCoy's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) (Doc. No. 20), Magistrate Judge Bowman's Report and Recommendation of June 30, 2015, recommending that McCoy's motion be granted (Doc. No. 43), and Plaintiff Ulious Brooks's objections to the Report and Recommendation (Doc. No. 44).  For the reasons that follow, Brooks's objections to the Report and Recommendation are not-well taken and are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation.  McCoy's motion for summary judgment is well-taken and is **GRANTED**.  The remaining pending motions (Doc Nos. 4, 7, 16, 17, 18, 20, 25, 26, 28, 29, 30, 31, 32, 34, 35, 37, 39, 41, 42) are **DENIED AS MOOT**.

Brooks is an inmate at Southern Ohio Correctional Facility.  He filed a complaint against the defendant, Corrections Officer McCoy, asserting claims under 42 U.S.C. § 1983 for excessive use of force and deliberate indifference to serious medical needs. The complaint also includes a state law negligence claim.  According to the complaint,

1

McCoy placed Brooks "in the hole" on October 9, 2014. McCoy allegedly provided Brooks with an empty lunch tray two days in a row. The complaint alleges that on October 9, 2014, McCoy delivered a lunch tray with only one diced potato on the tray. On October 10, 2014, McCoy delivered a lunch tray with a block of ice on the tray. After seeing this, Brooks shoved the empty tray out of the food slot, holding it out for the camera to see. After Brooks shoved his food tray out of the slot to show the cameras, McCoy allegedly used excessive force by slamming Brooks arm into the food slot, pressing his arm forward and causing injury to the left wrist. Brooks also claims that McCoy was deliberately indifferent to his serious medical needs by placing him in a cell with a closed front door when his mental condition requires an open front door. Finally, Brooks claims that McCoy negligently failed to feed him for two days.

McCoy moved for summary judgment on the grounds Brooks filed an identical claim against the Ohio Department of Rehabilitation and Correction in the Ohio Court of Claims. McCoy contends that he is entitled to judgment as a matter of law because Brooks's suit in the Ohio Court of Claims acts as a waiver of any claims Brooks could bring against him in this Court. Magistrate Judge Bowman agreed and recommended granting McCoy's motion for summary judgment.

In his objections to the Report and Recommendation, Brooks contends that he did not knowingly or intentionally waive his right to proceed in federal court. He argues that even though he "has a long history of filing legal work, it does not mean he automatically knows everything about the law."

The Court reviews <u>de novo</u> a magistrate judge's report and recommendation on a dispositive issue such as a motion for summary judgment. Fed. R. Civ. P. 72(b).

2

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The moving party must demonstrate the absence of genuine disputes over facts which, under the substantive law governing the issue, could affect the outcome of the action.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party.  Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio, 475 U.S. 574, 587 (1986).

Under Ohio Rev. Code § 2743.02(A)(1), filing a lawsuit against the State of Ohio in the Ohio Court of Claims results in a "complete waiver" of any cause of action, including federal claims, against a state employee arising out of the same act or omission.  Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities, 825 F.2d 946, 952 (6th Cir. 1987).  "The Sixth Circuit has consistently applied Leaman to bar plaintiffs from bringing suit in federal court against a state employee after bringing suit against the state in the Court of Claims based on the same claim." Plinton v. County of Summit, 540 F.3d 459, 463 (6th Cir. 2008).  The waiver rule is applicable to *pro se* litigants, but the waiver must be made "knowingly, voluntarily, and intentionally." Kajfasz v. Haviland, 55 Fed. Appx. 719, 721-22 (6th Cir. 2003).

Before a *pro se* complaint can be dismissed pursuant to Leaman, the district court must find that the plaintiff "knowingly, voluntarily, and intentionally" waived his right to proceed in federal court by filing suit in the Ohio Court of Claims.  Kajfasz, 55 Fed.

Appx. at 722. In determining whether a *pro se* plaintiff intelligently waived his federal lawsuit, the district court may review his prior litigation history and the organization and coherency of his filings in both federal court and in the Court of Claims. Brown v. Mason, No. 2:10-cv-783, 2012 WL 2892036, at *2 (S.D. Ohio July 16, 2012) (Sargus, J.).

Here, Brooks's federal lawsuit and the action he filed in the Court of Claims are based on the same act or omission. An affidavit Brooks filed in the Court of Clams specifically states that he "recently filed a civil action in January 2015. It's in the U.S. District Courthouse, Southern district [sic] the case no. is 1:15-cv-00039. It's for the same issue." Doc. 20, Ex. B. Since the two lawsuits are based on the same act or omission, Brooks's suit against McCoy in this Court is barred pursuant to Leaman and § 2743.02(A)(1) if his waiver was knowingly, voluntarily, and intelligently done.

The Court concludes that Brooks knowingly waived his federal claims against McCoy by filing suit in the Court of Claims. The record shows that Brooks is an experienced *pro se* litigant. As recounted by Magistrate Judge Bowman in her Report and Recommendation, Brooks has filed numerous cases in this Court and the Court of Claims. His complaint is organized and coherent. He identified the proper federal jurisdictional statutes as well as the relevant federal statute for his constitutional claims. Doc. No. 3 at 5. Additionally, in his Court of Claims complaint, Brooks specifically references § 2743.02, which illustrates that he was on notice that he would waive his claims against McCoy by filing suit there. In consideration of these facts, the Court finds that Brooks knowingly, intelligently, and voluntarily waived his right to file suit against McCoy in federal court.

4

Conclusion

For the reasons stated above, Brooks's objections to Magistrate Judge Bowman's Report and Recommendation are not well-taken and are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. Defendant McCoy's motion for summary judgment is well-taken and is **GRANTED**. Brooks's complaint is dismissed with the condition that he may refile his claims against McCoy in this Court if and when the Ohio Court of Claims finds that McCoy acted outside the scope of his employment, with maliciousness, bad faith, wantonness or recklessness. McCoy must reinstate his claims against McCoy within sixty (60) days of the date of the issuance of any such order by the Court of Claims. The statute of limitations on Brooks's federal claims is tolled until such time as the Court of Claims makes it findings. White by Swafford v. Gerbitz, 860 F.2d 661, 665 (6th Cir. 1988).

**IT IS SO ORDERED**

Date July 27, 2015                             s/Sandra S. Beckwith
                                              Sandra S. Beckwith
                                       Senior United States District Judge